INGALLS, Respondent, v. PFLAUM, et al, Appellants

(34 N. W.2d 276.)

(File No. 8990. Opinion filed October 25, 1948.)

Rehearing Denied Nov. 30, 1948.

**William Ochsner,** of Wessington Springs, for Appellants.

**Chas. R. Hatch,** of Wessington Springs, for Respondent.

SICKEL, J. This is an action brought by Burton Ingalls, plaintiff, against Andrew Pflaum and George Miller, defendants, to recover damages for assault and battery. The case was tried to a jury which returned a verdict for plaintiff for actual damages in the sum of $602.08 and exemplary damages in the sum of $196.00. Judgment was entered on the verdict with costs, on November 17, 1947. Thereafter motion for new trial was denied, and defendants appealed.

Defendant Miller's motion for directed verdict and for new trial was made on the ground that the evidence was insufficient to show that he committed an assault or an assault and battery upon the plaintiff, or aided or abetted therein. Fitzgerald, the city policeman, testified that on the night in question he saw the plaintiff Ingalls in Schlegel's restaurant in an intoxicated condition, and disorderly; that the policeman took Ingalls into custody and proceeded to the courthouse for the purpose of placing him in the county jail; that they were followed by Mary Decoteau, who was Ingalls' housekeeper, and the defendant Pflaum, and as they neared the courthouse defendant Miller appeared also. At that time Ingalls struck the policeman. Then Miller took

hold of Ingalls and started away with him. Some conversation took place between the parties and the result was that the policeman told Decoteau, Pflaum and Miller that if they would take Ingalls to his room and keep him off the street, he, the policeman, would "forget about it". Then the policeman turned Ingalls over to the defendants and followed them down the street. These two defendants carried Ingalls up the stairs with the help of Hickens, and took him to his apartment, under protest. After they reached Ingalls' apartment he and Pflaum engaged in a rough and tumble fight in the course of which plaintiff was badly beaten. At one stage plaintiff pushed Pflaum over some boxes and against the stove and defendant Miller reached over and pulled Ingalls off, after which the scuffle between Ingalls and Pflaum continued. Bystanders finally intervened and broke it up. There is no evidence in the record showing that Miller ever struck, kicked or laid hands on Ingalls or aided or abetted or even encouraged Pflaum at any other time or in any other manner than above stated. Neither is there any evidence in the record to show that Miller bore any ill will or malice toward Ingalls.

Assault and battery is defined by SDC 13.2401 as follows: "An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. A battery is any willful and unlawful use of force or violence upon the person of another." The evidence shows that when plaintiff started to fight the policeman Miller took hold and started off with him; that Miller helped to take plaintiff back to his apartment after the policeman had released him on the promise to keep plaintiff off the street; that Miller threw water in plaintiff's face when the latter was on the floor in a semiconscious state, and that he at one time pulled plaintiff away from Pflaum, but this evidence is insufficient to show that Miller thereby used or attempted or offered to use force or violence for the purpose of doing a corporal hurt to plaintiff or for the purpose of aiding or abetting Pflaum in doing so.

Appellants' brief presents several additional assignments of error, but since the questions so presented cannot,

or are not likely to arise on a retrial of the case, discussion of them in this opinion would serve no useful purpose.

The judgment is reversed.

ROBERTS, P. J., and HAYES, J., concur.

RUDOLPH and SMITH, JJ., dissent.